UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
───────────────────────────────X

CHARLES MATHIS,

    Petitioner,

-against-

UNITED STATES OF AMERICA,

    Respondent.
───────────────────────────────X

07-CV-1944 (NG)

**MEMORANDUM
AND ORDER**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 29 2007 ★

**GERSHON, United States District Judge:**

On May 7, 2007, petitioner Charles Mathis, currently incarcerated at Rikers Island and appearing *pro se*, filed in this Court a document captioned "Waiver of Writ of Habeas Corpus in Extradition Proceedings" ("Pet.") and an accompanying Affidavit ("Aff."). The Court liberally construes the submission as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner requests that this Court compel his extradition to Washington, D.C. For the reasons that follow, the Court dismisses the instant petition.

### BACKGROUND

Petitioner alleges that on or about October 24, 2006, he was arrested at the Greyhound bus station in Washington, D.C. on charges of criminal possession of a controlled substance. Aff. at 2. Petitioner alleges that he pled guilty and "was sentenced to participation in a drug program and/or work release program." Id. However, "before [he] could register with said program, he was transferred to the custody of the City of New York, to answer an alleged warrant for his arrest; whereupon, he was committed to the custody of the City of New York, Department of Correction

1

whereby, he is to this day incarcerated." Id. Petitioner "respectfully acknowledges the incident of arrest which occurred at the Washington D.C. Port Authority Bus Terminal, as well as its legitimate request for his custody." Id. Further, petitioner "voluntarily consent[s] to return to the District of Columbia, within the provisions of timely requisition pursuant to Title 18 USC," Pet. at 1, presumably a reference to the federal extradition statute. See 18 U.S.C. §§ 3181-3196. Petitioner, therefore, seeks this Court's intervention in his continued detention at Rikers Island and requests that this Court compel his extradition to Washington, D.C.

## DISCUSSION

The Court is without jurisdiction to grant petitioner the relief he seeks through this habeas petition and there are no provisions in the federal extradition statute that would allow petitioner to petition this Court to compel his extradition to Washington, D.C. In the context of extradition proceedings, habeas corpus relief is available to petitioners only as a collateral attack on orders certifying a request for extradition. See Spatola v. United States, 925 F.2d 615, 617 (2d Cir. 1991). The parameters of habeas review are narrow. The reviewing court may consider only: (1) whether the judge below had jurisdiction; (2) whether the offense charged is extraditable under the relevant treaty; and (3) whether the evidence presented by the Government established probable cause to extradite. See Austin v. Healey, 5 F.3d 598, 600 (2d Cir. 1993). In short, the scheme of interstate rendition, as set forth in both the Constitution and federal statutes, does not contemplate the authority of a district court to compel a fugitive's extradition to another state upon that fugitive's request.

Furthermore, it is well-settled that federal courts cannot intervene in ongoing criminal proceedings except in the most extraordinary circumstances and upon a clear showing of both great and immediate harm. Younger v. Harris, 401 U.S. 37 (1971). See also Hicks v. Miranda, 422 U.S.

332, 349 (1975); Schlagler v. Phillips, 166 F.3d 439, 441 (2d Cir. 1999). Thus, federal intervention in plaintiff's state criminal proceeding would be improper.

## CONCLUSION

Accordingly, the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking to compel petitioner's extradition to Washington D.C. is hereby dismissed. A certificate of appealability shall not issue as petitioner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253 (c)(2); Lucidore v. New York State Div. of Parole, 209 F.3d 107 (2d Cir. 2000); Lozada v. United States, 107 F.3d 1011 (2d Cir. 1997), abrogated on other grounds by United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to close this case.

**SO ORDERED.**

S/N.G.
_____
**NINA GERSHON**
**United States District Judge**

Dated: Brooklyn, New York
~~May~~ June 29, 2007